Andrews, J.
It seems to me that this action is still in this court. It is doubtful vdi ether it involves more than $500, as the term of employment is of uncertain duration, but the act of congress requires that the fact that the amount or value in dispute exceeds $500 should “ be made to appear to the satisfaction ” of the state court when the petition and bond are presented. The petition and bond in this case have been “ accepted, allowed and approved ” by a justice of this court, and such acceptance, allowance and approval imply that said justice was satisfied, and decided that the amount in dispute did exceed the sum of $500; and if such decision - can be reviewed at all in this court, the application, if made to a judge other than the one who made such decision, must be *460 on notice of motion to set aside such acceptance, allowance and approval as having been improvidently made.
I think, however, without regard to the question as to the sum in controversy, that the petitioner has failed to comply with the act of congress in an important particular, and for that reason has not accomplished the removal of the action to the United States circuit court.
The petition for the removal was made by the plaintiff, who claims that he is a resident of New Jersey, and that the defendant is a resident of New York. The right to remove the action therefore depends on subdivision 3 of section 639 of the United States Bevised Statutes, which requires that before or at the time of filing the petition, the petitioner must make and file in the state court an affidavit that he has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such state court.
Upon my request to the clerk to be furnished with all the papers filed in this action I have received several, but there is no such affidavit among them, and I conclude, therefore, that no such affidavit has been filed.
As the petitioner has apparently failed to comply with this important requirement of the act of congress, it seems to me that the action is still pending in this court, and I should now give the plaintiffs an opportunity, if they desired it, to be heard on the merits of the motion to continue the injunction, but for the fact that, on looking over the papers submitted by the defendant, I am convinced that the injunction cannot be dissolved.
The defendant entered into a written contract, whereby he engaged himself to the plaintiffs, for the season, and as it would be impossible for them to prove their damages in an action at law, they are entitled to the injunction.
The statements in the defendant’s affidavit as to what Primrose told him do not amount to such an allegation of fraud in inducing the defendant to make the contract as, if true, would *461 enable the defendant to have the contract annulled on that ground. The failure of the plaintiffs to reply to defendant’s telegram did not authorize him to make another engagement nor in any way operate to relieve him from the obligations of his contract with the plaintiffs.
The motives of the plaintiffs in holding the defendant to the performance of his contract cannot be inquired into, nor is it material how many or how few contracts the plaintiffs have made in the belief that the defendant would keep his engagement.
As I have reached this conclusion from an examination of the defendant’s papers, I shall return all the papers to the clerk, and the respective attorneys will take such course as they may think proper in regard to submitting or not submitting an order to be entered on this decision.